COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present: Judges Fulton, Ortiz and Senior Judge Petty


ALEJANDRA ISABEL OBREGON

OPINION BY
v.      Record No. 0019-22-3          JUDGE DANIEL E. ORTIZ
OCTOBER 11, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Robert M.D. Turk, Judge

(Raymond J. Obregon; The Law Offices of Raymond J. Obregon, P.C., on brief), for appellant. Appellant submitting on brief.

(Patrick R. Jensen, Chief Deputy Commonwealth's Attorney, on brief), for appellee. Appellee submitting on brief.


A trial court applies the law incorrectly when it requires an expungement petitioner to prove actual manifest injustice, rather than a reasonable possibility of manifest injustice. Alejandra Isabel Obregon appeals the trial court's denial of her petition to expunge three misdemeanor charges. She argues that the trial court incorrectly required her to prove that the continued existence of the three charges constituted a manifest injustice to her and that the trial court abused its discretion in denying her petition because her uncontested testimony was sufficient to prove manifest injustice. We find that the trial court applied the law incorrectly. Furthermore, we find that the "right result for the wrong reason" doctrine does not compel an affirmance simply because the charges at issue are misdemeanors, or because the petitioner has a prior criminal history. Accordingly, we reverse the trial court's decision.

BACKGROUND

In 2016, Obregon was charged with underage possession of alcohol in violation of Code § 4.1-305 and fraudulent use of another's identification to obtain alcohol in violation of Code

§ 46.2-347.  The next year, the Montgomery County General District Court dismissed both charges.  In 2017, Obregon was arrested for leaving the scene of an accident resulting in property damage in violation of Code § 46.2-896.  The Montgomery County General District Court dismissed the charge in the next year.

Obregon filed a petition to expunge the three dismissed charges.  The Commonwealth filed an objection to the petition, and the trial court held an evidentiary hearing by telephone.  At the hearing, Obregon testified that she was doing well in college, working part time, and hoping to study children's behavioral psychology in graduate school.  She believed that disclosure of her criminal charges would negatively affect her career because internships in her preferred field required background checks.  She further testified that various prospective employers had already denied her applications or withdrawn offers for delivery, warehouse, and youth lacrosse instructor positions after conducting private background checks on her.

The Commonwealth did not challenge Obregon's testimony.  Rather, it pointed out that Obregon had an extensive criminal record, which included a felony charge for shoplifting, later reduced to a lesser-included misdemeanor conviction for petit larceny, and a "*nol prossed*" DUI charge from another jurisdiction.  The Commonwealth argued that because Obregon's criminal record included a felony charge and a misdemeanor conviction for a crime involving moral turpitude, the existence of the three dismissed charges on her record would not result in manifest injustice.

On September 3, 2020, the trial court issued an opinion letter denying Obregon's petition for expungement, finding "that the petitioner did not prove that there was a 'manifest injustice' to her if

these three misdemeanors were not expunged."[1]  Upon Obregon's motion for reconsideration, the

trial court held a second hearing on March 26, 2021.  At the second hearing, Obregon argued that

the trial court had incorrectly required Obregon to prove "actual" injustice, rather than a "reasonable

possibility" of manifest injustice.  On the other hand, the Commonwealth stated that since the first

hearing, Obregon had been arrested and charged with a misdemeanor of domestic assault and

battery in another jurisdiction, which, though ended by "*nol pros*," added to Obregon's criminal

history.  On December 8, 2021, the trial court reinstated its previous order denying Obregon's

petition for expungement, stating that upon "reviewing this matter, the court will not reconsider its

previous ruling."

ANALYSIS

While we generally review a trial court's decision to grant or deny expungement for abuse

of discretion, the "scope of that discretion . . . is restricted by" Code § 19.2-392.2(F).  *A.R.A. v.*

*Commonwealth*, 295 Va. 153, 160 (2018).  Whether the trial court misinterpreted Code

§ 19.2-392.2(F) is a question of law, which we review *de novo*.  *Hannon v. Commonwealth*, 68

Va. App. 87, 92 (2017).

I.  The trial court incorrectly applied the law in requiring Obregon to prove actual manifest
injustice because Code § 19.2-392.2 requires only a reasonable possibility of manifest
injustice.

In seeking expungement of police and court records, a petitioner only needs to prove a

reasonable possibility of manifest injustice if the records at issue are not expunged.  Code

§ 19.2-392.2(F) limits a trial court's discretion in granting or denying expungement:

> If the court finds that the continued existence and possible
> dissemination of information relating to the arrest of the petitioner
> *causes or may cause* circumstances which constitute a manifest

---

[1] At the hearing, the parties presented argument regarding the threshold issue of whether
the three dismissed charges were "otherwise dismissed," and therefore eligible for expungement,
under Code § 19.2-392.2(A).  The trial court "took the threshold issue . . . under advisement" but
based its denial of the expungement petition only on the absence of manifest injustice.

injustice to the petitioner, it *shall* enter an order requiring the expungement of the police and court records, including electronic records, relating to the charge. Otherwise, it shall deny the petition.

(Emphasis added). In *A.R.A.*, the Supreme Court of Virginia found that in using the word "may," the General Assembly "plainly signaled that a petitioner need not show actual prejudice." 295 Va. at 161. Furthermore, the Court pointed out that the policy goal of expungement was to remove the "hindrance to an innocent citizen's ability to obtain employment, an education and to obtain credit." *Id.* (quoting Code § 19.2-392.1). Because a citizen with an expungable record "occupies the status of innocent," even a "reasonable possibility" of such hindrance can be "a basis of a finding of manifest injustice." *Id.* at 161-62. Therefore, the Court held that an expungement petitioner only needed to establish "a reasonable possibility of manifest injustice." *Id.* at 161.

In this case, the trial court incorrectly applied Code § 19.2-392.2(F) by requiring Obregon to prove actual manifest injustice. In its opinion letter, the trial court found that Obregon "did not prove that there was a 'manifest injustice' to her if these three misdemeanors were not expunged." The opinion letter was "brief and could be considered vague," as the Commonwealth acknowledges, and its language suggests that the trial court did not consider whether there was a "reasonable possibility" of manifest injustice in the future. Furthermore, Obregon filed a motion for reconsideration, explicitly citing *A.R.A.* and arguing that Code § 19.2-392.2(F) did not require actual manifest injustice. After considering the motion, the trial court reinstated its order. It did not clarify its rationale or make a new factual finding on whether Obregon established a reasonable possibility of injustice. Therefore, we find that the trial court applied the law incorrectly by ignoring the word "may" in Code § 19.2-392.2(F).

II. The "right result for the wrong reason" doctrine does not apply because evidence does not fully support the Commonwealth's argument on appeal.

The Commonwealth argues that even if the trial court misapplied Code § 19.2-392.2(F), the trial court "reached the right decision in denying Obregon's petition." Under the "right result for the

wrong reason" doctrine, we "will not necessarily disturb a judgment that results in the right outcome yet contains faulty underlying reasoning." *Perry v. Commonwealth*, 280 Va. 572, 579 (2010); *Hill v. Commonwealth*, 73 Va. App. 206, 217 (2021), *aff'd*, ___ Va. ___ (2022). The doctrine applies in both criminal and civil cases, but it "has a limitation." *Spinner v. Commonwealth*, 297 Va. 384, 391 (2019). "It does not apply unless the record on appeal *fully* supports the appellee's argument on appeal." *Id.* (emphasis added). Here, because the record on appeal does not "fully support[]" the Commonwealth's argument that Obregon failed to prove such reasonable possibility, the "right result for the wrong reason" doctrine does not apply.

Obregon's uncontradicted testimony was sufficient to raise a reasonable possibility that manifest injustice would result if the three dismissed charges were not expunged. She testified that she "was doing very well as a full time student majoring in psychology," "that she hoped to attend graduate school in the future to study children's behavioral psychology," and that "internships she had been interested in require[d] background checks." In addition, she stated that she "had been denied employment for delivery positions for Amazon, [U]ber, DoorDash and Instacart, as a direct result of private background checks performed by these prospective employers." She had also "been offered paid positions as an instructor at several youth lacrosse camps . . . only to have such offers withdrawn after a background check turned up the charges she was seeking to expunge." On cross-examination, the Commonwealth asked whether Obregon "was aware that the charges for which she seeks expungement do not appear on her VCIN." Obregon responded that "she was not aware, but that prospective employers had specifically used these charges to deny her employment." Obregon established that the three dismissed charges, if not expunged, could be a "hindrance" on her ability to obtain employment and education.

At the same time, the Commonwealth's evidence and argument fail to negate the reasonable possibility of manifest injustice. The Commonwealth argues that this case differs from *A.R.A.* in

two ways.  First, Obregon sought to expunge misdemeanor arrests, while A.R.A. sought to expunge a felony arrest, which is "more serious" and attached with "a greater stigma."  Second, Obregon "has a criminal history outside of the arrests she was seeking to expunge," while A.R.A. did not.  Neither of these facts, however, "fully supports" the Commonwealth's argument that no reasonable possibility of manifest injustice exists.

First, no statute or caselaw supports the proposition that an unexpunged misdemeanor arrest is less likely to result in manifest injustice than an unexpunged felony arrest.  If anything, Code § 19.2-392.2(F) sets a more permissive standard for expunging misdemeanor arrests than expunging felony arrests, where the petitioner has no prior criminal record:

> If the court finds that the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner, it shall enter an order requiring the expungement of the police and court records, including electronic records, relating to the charge.  Otherwise, it shall deny the petition. *However, if the petitioner has no prior criminal record and the arrest was for a misdemeanor violation or the charge was for a civil offense, the petitioner shall be entitled, in the absence of good cause shown to the contrary by the Commonwealth, to expungement of the police and court records relating to the charge, and the court shall enter an order of expungement.*

(Emphasis added).  Although the shifting of the burden of proof applies only to petitioners with no prior criminal record, there is no reason to conclude that, when a petitioner has a criminal history, the standard for expunging misdemeanor arrests should be *less* permissive than that for expunging felony arrests.  Therefore, the fact that Obregon sought to expunge three misdemeanor charges, rather than a felony charge, does not suggest that she is less likely to suffer a manifest injustice.

Second, the Supreme Court of Virginia held in *A.R.A.* that while "the 'manifest injustice' standard is permissive," a "person with a *lengthy unexpungeable* criminal record will generally stand on a different footing with respect to showing a possible 'manifest injustice.'"  295 Va. at 162 (emphasis added).  The Court reasoned that for such a person, "[i]t makes little sense to compel

overburdened law enforcement agencies to devote time to redacting records when the exercise will yield no tangible benefit to the petitioner." *Id.*  In this case, however, Obregon's "unexpungeable" criminal record is far from "lengthy."  Obregon's "driving under influence" and "domestic assault and battery" charges from another jurisdiction were both ended by "*nol pros*" and therefore eligible for expungement.  *See* Code § 19.2-392.2(A)(2).  Thus, Obregon's "unexpungeable" criminal record only includes a "Felony Shoplifting" charge that resulted in a "petit larceny" conviction. This single conviction is by definition not "lengthy."  Furthermore, expungement of the three dismissed charges is likely to yield "tangible benefit" to Obregon, considering the nature of the charged offenses.  Therefore, we find that the record on appeal does not "fully support[]" the Commonwealth's position that Obregon failed to establish a reasonable possibility of manifest injustice, and the "right result for the wrong reason" doctrine does not apply in this case.

CONCLUSION

The trial court incorrectly applied the law by requiring Obregon to establish actual manifest injustice, when Code § 19.2-392.2(F) only requires a reasonable possibility of such injustice. Furthermore, the "right result for the wrong reason" doctrine does not compel an affirmance in this case, because the record on appeal does not fully support the trial court's decision.  Accordingly, we reverse the trial court's denial of Obregon's petition and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*